IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTHONY YUMA DUNCAN, | § | |
| Dall. Cnty. Jail Bookin No. 23020480, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-2058-N-BN |
| | § | |
| FELICIA RESENDEZ, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Anthony Yuma Duncan, incarcerated at the Dallas County jail, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 alleging, among other things, that he was unlawfully arrested and "is now illegally incarcerated when no law has been violated." Dkt. No. 3.

Chief United States District Judge David C. Godbey referred Duncan's complaint to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The Court granted Duncan leave to proceed *in forma pauperis* ("IFP") under the Prison Litigation Reform Act ("PLRA"). *See* Dkt. Nos. 4 & 5.

And, because, at the time that he filed this civil lawsuit, Duncan appeared to be facing criminal charges based on his failure to comply with sex offender registration requirements, including the revocation of his probation – criminal charges that appeared, at the time, related to the claims in the civil complaint – the Court determined that Duncan's civil case should be stayed and administratively

closed to avoid interference with ongoing state criminal proceedings. *See* Dkt. No. 6; *see also Duncan v. State*, No. 05-23-00041-CR (Tex. App. – Dallas) (then a pending appeal from the 203rd Jud. Dist. Ct., Dall. Cnty., Tex, F20-75167-P, in which Duncan was convicted of failure to register as a sex offender and placed on community supervision probation for two years in December 2022).

Duncan, still incarcerated at the Dallas County jail, subsequently moved to reopen the case, *see* Dkt. No. 8, a motion the Court granted, observing that the Dallas Court of Appeals recently affirmed the state conviction that caused the Court to administratively stay this civil action, *see Duncan v. State*, No. 05-23-00041-CR, 2024 WL 1190394 (Tex. App. – Dallas Mar. 20, 2024).

Duncan has now provided verified responses to the Court's screening questionnaire, *see* Dkt. No. 10, and thereby amended his initial allegations. As amended, Duncan clarifies that his allegations stem from a July 2018 arrest and a resulting prosecution (F18-18650) that was dismissed in April 2019, on a motion filed by the Dallas County District Attorney. *See* Dkt. No. 10 at 1 & 6-8.

Considering Duncan's allegations as amended under the PLRA, the undersigned enters these findings of fact, conclusions of law, and recommendation that, to the extent and for the reasons set out below, the Court should dismiss the claims with prejudice as time barred.

## Discussion

The PLRA requires that, where a plaintiff is imprisoned or detained pending trial and seeks relief from a governmental entity or employee, a district court must,

on initial screening, identify cognizable claims or dismiss the complaint, or any portion of the complaint, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

While Duncan remains incarcerated, apparently for charges related to his failure to register as a sex offender, *see* Dkt. No. 3 at 4, the claims in this lawsuit stem from the 2018 arrest (the arresting officer "conspired with out of state officer to file a false charge") and the resulting prosecution that was dismissed in 2019, *id.* at 3 (further alleging that the prosecutor "fail[ed] to comply charge after dismissing a failure to register," that the judge "was made aware of the registration law that [was] being violated," and that a fictitious form was filed).

Liberally construed, Duncan alleges that the arrest and resulting prosecution violated the Fourth Amendment to the United States Constitution. Section 1983 provides a cause of action for "a violation of the Constitution or of federal law … committed by someone acting under color of state law." *Rich v. Palko*, 920 F.3d 288, 293-94 (5th Cir. 2019) (quoting *Brown v. Miller*, 519 F.3d 231, 236 (5th Cir. 2008)). And "[l]imitations for a § 1983 claim are determined by the 'forum state's general or residual personal-injury limitations period.'" *Johnson v. Harris Cnty.*, 83 F.4th 941, 945 (5th Cir. 2023) (quoting *Edmonds v. Oktibbeha Cnty.*, 675 F.3d 911, 916 (5th Cir. 2012) (citing, in turn, *Owens v. Okure*, 488 U.S. 235, 249-50 (1989))).

"Texas is the forum state, and its limitations period for personal injury claims is two years," which "starts running once a claim accrues – that is, 'the moment the

plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'" *Id.* (citing TEX. CIV. PRAC. & REM. CODE § 16.003; quoting *Edmonds*, 675 F.3d at 916 (quoting, in turn, *Helton v. Clements*, 832 F.2d 332, 335 (5th Cir. 1987))); *see also Walker v. Epps*, 550 F.3d 407, 414 (5th Cir. 2008) (Federal courts "determine the accrual date of a § 1983 action by reference to federal law." (citing *Wallace v. Kato*, 549 U.S. 384, 388 (2007))).

Duncan's Section 1983 false arrest claim therefore accrued when he was arrested in July 2018. And his criminal prosecution did not delay its accrual. For instance, "false arrest [is] a Fourth Amendment claim that may be made (and is commonly made) prior to the conclusion of criminal proceedings." *Roe v. Johnson Cnty., Tex.*, No. 3:18-cv-2497-B-BN, 2020 WL 5542333, at *2 (N.D. Tex. Sept. 15, 2020) (citing *Bradley v. Sheriff's Dep't St. Landry Par.*, 958 F.3d 387, 392 (5th Cir. 2020) ("In *Wallace*, the Supreme Court rejected the argument that, because of *Heck[ v. Humphrey*," 512 U.S. 477 (1994)], accrual [of a Section 1983 claim for false arrest] could not occur until there was a favorable termination of criminal charges, reasoning that 'the impracticality of' a 'rule' that 'an action which would impugn an anticipated future conviction cannot be brought until that conviction occurs and is set aside ... should be obvious.'" (emphasis omitted)), *modified*, 2021 WL 3828151 (N.D. Tex. Aug. 27, 2021), *aff'd*, 2023 WL 117826 (5th Cir. Jan. 5, 2023).

And, insofar as Duncan asserts Fourth Amendment violations analogous to the common law tort of malicious prosecution, *see Winfrey v. Rogers*, 901 F.3d 483, 492-93 (5th Cir. 2018); *Fusilier v. Zaunbrecher*, 806 F. App'x 280, 282-83 (5th Cir. 2020)

(per curiam), such claims accrued "only once the underlying criminal proceedings [were] resolved in [his] favor," *McDonough v. Smith*, 588 U.S. 109, 116 (2019) (citations omitted). "To demonstrate a favorable termination of a criminal prosecution for purposes of the Fourth Amendment claim under § 1983 for malicious prosecution, a plaintiff need only show that his prosecution ended without a conviction." *Thompson v. Clark*, 596 U.S. 36, 39 (2022). As alleged, the prosecution against Duncan ended without a conviction in April 2019. *See* Dkt. No. 10 at 8.

So this lawsuit, filed in September 2023, is untimely.

That claims are subject to dismissal based on a statute of limitations is typically an affirmative defense.

But Duncan filed this lawsuit IFP, subjecting the complaint to judicial screening under 28 U.S.C. § 1915(e) and § 1915A.

And, if "'it is clear from the face of [such] a complaint ... that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed' as frivolous." *Wilson v. U.S. Penitentiary Leavenworth*, 450 F. App'x 397, 399 (5th Cir. 2011) (per curiam) (quoting *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993) ("Although the defense of limitations is an affirmative defense, which usually must be raised by the defendants in the district court, this court has held that the district court may raise the defense *sua sponte* in an action proceeding under 28 U.S.C. § 1915. Thus, where it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed pursuant to § 1915[(e)]." (citations omitted))).

That is the case here. The face of the complaint as amended by the verified questionnaire responses makes it clear that the claims are time barred.

Nonetheless, "a litigant is entitled to equitable tolling of a statute of limitations" "if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010))

But a plaintiff must "allege specific facts" to support all prongs of "a plausible equitable tolling claim." *Taggart v. Norwest Mortg., Inc.*, Civ. A. No. 09-1281, 2010 WL 114946, at *3 (E.D. Pa. Jan. 11, 2010); *see also Chandra v. Bowhead Sci. & Tech., LLC*, No. 3:16-cv-375-B, 2018 WL 1252097, at *4 (N.D. Tex. Mar. 12, 2018) ("[C]ourts still require *pro se* parties to fundamentally abide by the rules that govern the federal courts. So *pro se* litigants must properly plead sufficient facts that, when liberally construed, state a plausible claim to relief, and brief arguments on appeal. Chandra's pleadings fall short of that goal by failing to allege any plausible facts entitling him to equitable tolling." (cleaned up; quoting *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014))); *Peterson v. United States*, No. 8:18-cv-217-T-17TGW, 2018 WL 1832417, at *2 (M.D. Fla. Feb. 16, 2018) ("The FTCA's limitation period, however, is subject to equitable tolling. The plaintiff does not even mention that it applies. In light of the length of time between the death and the filing of this lawsuit, a claim of equitable tolling would seemingly be implausible and thus frivolous." (citation omitted)), *rec. adopted*, 2018 WL 1832419 (M.D. Fla. Mar. 14, 2018).

Relatedly, Duncan may allege that his current incarceration stems from the alleged Fourth Amendment violations that accrued no later than April 2019. *See* Dkt. No. 3 at 4 (The 2018 "illegal charge was eventually dismissed by the state who continually prosecuting by using a fictitious Pre release form to register plaintiff who[se] charge of failure to register was dismiss. Defendant is now illegally incarcerated when no law has been violated.").

But such allegations are not a basis to toll the limitations period.

For example, if these allegations should be construed as alleging a continuous violation, "[t]he statute of limitations" still started "to run upon injury (or, as is standardly the case with federal claims, upon discovery of the injury) and is not tolled by subsequent injuries." *Limestone Dev. Corp. v. Vill. of Lemont, Ill.*, 520 F.3d 797, 801 (7th Cir. 2008) ("Like too many legal doctrines, the 'continuing violation' doctrine is misnamed. Suppose that year after year, for ten years, your employer pays you less than the minimum wage. That is a continuing violation. But it does not entitle you to wait until year 15 (assuming for the sake of illustration that the statute of limitations is five years) and then sue not only for the wages you should have received in year 10 but also for the wages you should have received in years 1 through 9." (citations omitted)).

Duncan otherwise has alleged no facts to show either that an extraordinary circumstance prevented the timely filing of this suit or that he pursued his rights with reasonable diligence, so his claims as amended should be dismissed with prejudice as barred by the statute of limitations. *Cf. Johnson*, 83 F.4th at 945 ("Rule

12(b)(6) dismissal under a statute of limitation is proper only when the complaint makes plain that the claim is time-barred and raises no basis for tolling." (quoting *Petrobras Am., Inc. v. Samsung Heavy Indus. Co.*, 9 F.4th 247, 253 (5th Cir. 2021) (citing, in turn, *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003)))).

Even so, the time to file objections to this recommendation (as further explained below) allows Duncan an opportunity to show the Court that his claims should not be dismissed with prejudice at this time but that the Court should instead grant him further leave to amend them. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, FED. R. CIV. P. 15(a)(2), but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave." (citations omitted)).

## Recommendation

Unless Plaintiff Anthony Yuma Duncan satisfactorily shows through timely objections a basis to amend the complaint to allege a plausible claim that is not time barred, the Court should dismiss the complaint with prejudice under 28 U.S.C. § 1915A(b)(1).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections

within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 21, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE